UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. HARPER, JR.,

        Plaintiff,                      Case Number: 2:19-cv-11106
                                            HON. ARTHUR J. TARNOW

v.

ARKESTEYN, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

Michigan state prisoner Willie E. Harper, Jr., has filed a *pro se* complaint under 42 U.S.C. § 1983. He names five Michigan Department of Corrections employees as defendants. Plaintiff claims defendants improperly classified him as a sex offender and transferred him to a different facility in retaliation for the exercise of his First Amendment rights. He seeks injunctive and monetary relief. The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

### II. Standard

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on

a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III.     Factual Allegations**

Plaintiff's claims arise from his classification as a sex offender. In April 2018, Plaintiff was incarcerated at the Muskegon Correctional Facility and classified as a sex offender. On April 13, 2018, he filed a grievance against Defendants Arkesteyn and Foster, mental health practitioners who classified Plaintiff as a sex offender. Defendants Stevenson, also a mental health practitioner, denied the grievance at Step I. Defendant Tom Osier, assistant mental health service director, denied the grievance at Step II, on May 28, 2018. Plaintiff's grievance was also denied at Step III.

On June 5, 2018, Plaintiff was transferred from the Muskegon Correctional Facility to the Bellamy Creek Correctional Facility, which houses the Michigan Sex Offender Program. On November 4, 2018, he filed a grievance against Defendant Thompson for labeling him a sex offender. The grievance was denied at all three levels.

Plaintiff alleges that the defendants improperly classified him as a sex offender, and that defendants Arkesteyn, Foster, Stevenson, Egbuchulum, and Thompson transferred him to the Bellamy Creek Correctional Facility in retaliation for his filing grievances.

**III.     Discussion**

A prisoner has no constitutional right to be held in a specific security designation. *Harris v. Truesdell*, 79 Fed. App'x 756, 759 (6th Cir. 2003), *citing Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Nor does a prisoner have a constitutional right to be incarcerated at a particular prison. *Merchant v. Hawk-Sawyer*, 37 Fed. App'x 143, 145

3

(6th Cir. 2002). Plaintiff's claim objecting to his classification as a sex offender, therefore, does not allege the deprivation of a constitutional

Plaintiff also alleges that defendants Arkesteyn, Foster, Stevenson, and Egbuchulum orchestrated his transfer to the Bellamy Creek Correctional Facility in retaliation for the filing of grievances. Under Sixth Circuit law, a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy City School District Board of Education*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not satisfied his burden. Filing non-frivolous grievances and lawsuits is a constitutionally-protected activity. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). The Court will assume for this analysis that Plaintiff did not act frivolously in filing grievances regarding his sex-offender designation. The Court must next determine whether Plaintiff suffered an adverse action which would deter a person of ordinary firmness from engaging in protected conduct. "Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in

4

protected conduct." *Id.* at 701; *see also Hix v. Tenn. Department of Corrections*, 196 Fed. App'x 350, 358 (6th Cir. 2006) (stating that "this Court has held that in the context of a First Amendment retaliation claim, a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility"). The Sixth Circuit recognized a narrow exception allowing a retaliatory transfer claim where foreseeable, negative consequences "inextricably follow" from the transfer. *Siggers-El,* 412 F.3d at 702.

Plaintiff alleges he has suffered or will suffer numerous negative consequences, including that he is required to participate in the prison's Michigan Sex Offender Program and suffers from the stigma of being labeled a sex offender. These consequences did not result from Plaintiff's transfer. Instead, they resulted from his classification as a sex offender, which, as has been explained, does not allege a constitutional violation. It appears that Bellamy Creek Correctional Facility offers a sex-offender program. Plaintiff's transfer to this facility then naturally followed from his sex-offender designation. Other than a conclusory allegation, Plaintiff fails to allege any facts that the transfer resulted from defendants' retaliatory motives. Thus, Plaintiff's retaliation claim will be dismissed for failure to state a claim.

IV. **Order**

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

DATED: August 7, 2019