UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. HARPER, Jr.,

                Plaintiff,                Civil Action No. 19-11106

v.                                            Arthur J. Tarnow
                                           United States District Judge

DAVID ARKESTEYN, ADRIANE
FOSTER, BRENDA STEVENSON,        David R. Grand
KELECHI EGBUCHULAM, BRIAN      United States Magistrate Judge
SHIPMAN, MELISSA JENNINGS,
JEROME WARFIELD, ANTHONY
KING, AND SUE BROWN-WARD,

                Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS (ECF No. 66)

This case is on remand from the Sixth Circuit Court of Appeals. (ECF No. 14). Plaintiff Willie E. Harper, Jr., ("Harper"), an incarcerated person, brings this action pursuant to 42 U.S.C. § 1983, alleging, principally, that after he began serving a prison sentence on a non-sex crime conviction, he was improperly classified as a sex offender, and required to complete sex offender programing to be eligible for parole, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. More specifically, Harper claims he was entitled to an administrative hearing regarding his classification, but was never given one, in violation of his procedural and substantive due process rights. He also claims that requiring him to take sex offender programing without first providing him an administrative hearing violates his Fifth Amendment rights against

self-incrimination because his eligibility for parole is conditioned on his admitting to prior alleged criminal conduct for which he has not been convicted. The defendants – David Arkesteyn, Adriane Foster, Brenda Stevenson, and Kelechi Egbuchulam (collectively, "Defendants") – are all Michigan Department of Corrections ("MDOC") employees who Harper contends were involved, in one way or another, with his improper classification.

On October 26, 2021, Defendants filed a motion to dismiss. (ECF No. 66).[1] Harper filed a response (ECF No. 68), and Defendants did not file a reply; indeed, Defendants indicated at the February 4, 2022 oral argument that while they dispute the merits of Harper's claims, they had no basis for contesting the arguments advanced in Harper's response brief that his claims should survive their motion to dismiss. The Court explained on the record the reasons for recommending that Defendants' motion be denied, and it incorporates those reasons herein by reference. It provides this truncated Report and Recommendation to highlight some of those reasons.

**Applicable Standards**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Pursuant to 26 U.S.C. § 636(b)(1), this case has been referred to the undersigned for all pretrial purposes.

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

3

**Discussion**

*Due Process Claims*

After explaining that Harper's procedural due process claim is that "the stigmatizing consequences of being labeled a sex offender, when coupled with mandated behavioral modification therapy, constituted the kind of deprivation of liberty that requires procedural protections," the Sixth Circuit noted, "A prisoner can be deprived of his liberty such that due process is required in two contexts: (1) when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court; or (2) when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, **and the deprivation of that benefit imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'**" (ECF No. 14, PageID.77-78) (citation omitted) (emphasis added).  The Sixth Circuit then noted that while it had "not addressed the question of whether a prisoner has a liberty interest in not being classified as a sex offender," "other circuits that have considered the issue have held that prisoners do have such a liberty interest."  (ECF No. 14, PageID.78) (citing *Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010) (holding that prisoners have a liberty interest in not being labeled as a sex offender and forced into treatment, and thus are entitled to adequate process before prison officials take such action) and *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (per curiam) (holding that a convicted attempted murderer "retains a 'residuum of liberty' that would be infringed by classification as a sex offender without complying with minimum requirements of due process")).  The Sixth Circuit then wrote that "the district court is best positioned to

4

consider this issue in the first instance. Still, at the motion to dismiss stage, considering the foregoing authorities, Harper's complaint contains sufficient factual matter to support a plausible claim that his procedural-due-process rights were violated when the defendants classified him as a sex offender." (*Id.*, PageID.78-79). While that alone is enough to defeat the Defendants' instant motion to dismiss Harper's procedural due process claim, the Court highlights two additional points worthy of the parties' consideration.

First, *Renchenski* specifically found that that because Renchenski had been convicted of murder and *not* a sex crime, and because "there is no evidence suggesting that sex offender treatment is part of the punishment imposed on convicted murderers," the decision to require Renchenski to complete sex offender treatment constituted a "significant and atypical hardship." *Renchenski*, 622 F.3d at 329.

Second, when discussing Harper's Fifth Amendment claims later in its decision, the Sixth Circuit found that a "compulsory sex-offender program" that would "affect his eligibility for good-time credits or parole" was "precisely the kind [of 'atypical and significant hardship[]'] that the [the Supreme Court plurality in *McKune v. Lile*, 536 U.S. 24 (2002)] thought would implicate the Fifth Amendment's protections against self-incrimination." (ECF No. 14, PageID.80). Since the ultimate consequence to Harper – the negative impact on his parole eligibility – is the same in the context of both his Fifth and Fourteenth Amendment claims – this finding by the Sixth Circuit strongly suggests Harper's procedural due process claim pleads an "atypical and significant hardship."

Moreover, for all the same reasons as stated above, at least at the pleading stage, classifying Harper as a sex offender and requiring him to take sex offender programing to

5

be eligible for parole without providing him an administrative hearing, can be considered an "arbitrary or capricious" action that "shocks the conscience," in violation of his substantive due process rights. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992).

For all of these reasons Defendants' motion to dismiss Harper's due process claims should be denied.

### *Fifth Amendment Claim*

Nothing more needs to be said as to why Harper's Fifth Amendment claim survives Defendants' motion to dismiss than what the Sixth Circuit has already said on the matter:

> Harper further alleged that his sex-offender classification violated his right "against self incrimination because he will be forced to admit pas[t] behavior in sex offense classes" that are administered as part of the Michigan Sex Offender Program. The Fifth Amendment, as applied to the states through the Fourteenth Amendment, also provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. While the "privilege against self-incrimination does not terminate at the jailhouse door . . . [a] broad range of choices that might infringe constitutional rights in a free society fall within the expected conditions of confinement of those who have suffered a lawful conviction." *McKune v. Lile*, 536 U.S. 24, 36 (2002) (Kennedy, J., plurality). The right against self-incrimination applies not only in criminal trials, but whenever the state seeks to compel an individual to be a witness against himself and divulge information that might incriminate that person in future criminal proceedings. *See Minnesota v. Murphy*, 465 U.S. 420, 426 (1984).
>
> The Supreme Court outlined the contours of a prisoner's Fifth Amendment right against self-incrimination in *McKune*, which involved a convicted sex offender's challenge to Kansas's compulsory sex-offender program that required him to admit his crime of incarceration, as well as any other past sex crimes. *McKune*, 536 U.S. at 29. The four-justice plurality stated that "[a] prison clinical rehabilitation program . . . ***does not violate*** the privilege against self-incrimination ***if the adverse consequences*** an inmate faces for not

6

> participating are related to the program objectives and ***do not constitute atypical and significant hardships*** in relation to the ordinary incidents of prison life." *Id*. at 37–38. The Court ***rejected McKune's Fifth Amendment claim because*** his decision not to participate in Kansas's compulsory sex-offender program would neither extend his term of incarceration ***nor affect his eligibility for good-time credits or parole***, but would merely result in him being transferred "to a less desirable maximum-security unit." *Id*. at 38.
>
> ***Here, however, Harper alleged that he will be ineligible for parole if he refuses to participate in the Michigan Sex Offender Program***. Accepting this allegation as true, as we must at the dismissal stage, *see Doe*, 882 F.3d at 588, ***such an adverse consequence is precisely the kind that the McKune plurality thought would implicate the Fifth Amendment's protections against self-incrimination.*** See *McKune*, 536 U.S. at 38. Harper's complaint therefore contains sufficient factual matter to support a plausible claim that his Fifth Amendment right against self-incrimination would be violated because he would lose his parole eligibility by refusing to participate in the Michigan Sex Offender Program.

(ECF No. 14, PageID.79-80) (emphasis added).

Accordingly, Harper has stated a Fifth Amendment claim, and the Defendants' motion to dismiss that claim should be denied.

## **Conclusion**

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 66)** be **DENIED**.

Dated: February 4, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2022.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager