UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. HARPER, Jr.,

           Plaintiff,           Civil Action No. 19-11106

v.                                     Arthur J. Tarnow
                                      United States District Judge

DAVID ARKESTEYN, ADRIANE
FOSTER, BRENDA STEVENSON,      David R. Grand
KELECHI EGBUCHULAM, BRIAN      United States Magistrate Judge
SHIPMAN, MELISSA JENNINGS,
JEROME WARFIELD, ANTHONY
KING, AND SUE BROWN-WARD,

           Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION (ECF No. 73)**

Plaintiff Willie E. Harper, Jr., ("Harper"), an incarcerated person, brings this action pursuant to 42 U.S.C. § 1983, alleging, principally, that after he began serving a prison sentence on a non-sex crime conviction, he was improperly classified as a sex offender, and required to complete sex offender programing to be eligible for parole, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. More specifically, Harper claims he was entitled to an administrative hearing regarding his classification, but was never given one, in violation of his procedural and substantive due process rights. He also claims that requiring him to take sex offender programing without first providing him an administrative hearing violates his Fifth Amendment rights against self-incrimination because his eligibility for parole is conditioned on his admitting to prior

alleged criminal conduct for which he has not been convicted. The defendants – David Arkesteyn, Adriane Foster, Brenda Stevenson, and Kelechi Egbuchulam (collectively, "Defendants") – are all Michigan Department of Corrections ("MDOC") employees who Harper contends were involved, in one way or another, with his improper classification.

On February 4, 2022, the Court heard oral argument on a slew of motions pending in this case.[1] One of them was Defendants' motion to dismiss, which the Court has issued a Report and Recommendation to deny. (ECF No. 84). The Court also heard argument on Harper's motion for partial summary judgment (ECF No. 67) and motion for a preliminary injunction (ECF No. 73), the latter being the subject of this Report and Recommendation. The oral argument also covered Defendants' Rule 56(d) motion for discovery and motion for leave to depose Harper. (ECF Nos. 70, 78). In short, in response to Harper's summary judgment motion, Defendants argued that they needed to depose Harper before they could fully respond to that motion. (ECF No. 71). At the same time, Defendants filed a Rule 56(d) motion in which they reiterated the arguments in their summary judgment response brief. (ECF No. 70). Harper then filed the instant motion for a preliminary injunction, asking the Court to grant him preliminary injunctive relief "in the event" Defendants' Rule 56(d) motion was granted. (ECF No. 73). Defendants then filed a motion for leave to depose Harper. (ECF No. 78).

For the reasons explained on the record and in its Order of February 4, 2022, the Court, somewhat reluctantly, granted Defendants' Rule 56(d) motion and motion to depose

---

[1] Pursuant to 26 U.S.C. § 636(b)(1), this case has been referred to the undersigned for all pretrial purposes.

2

Harper. (ECF No. 85). However, it gave Defendants a relatively short window in which to depose Harper – 14 days – and gave them a total of 30 days to file a supplemental brief in response to Harper's summary judgment motion. (*Id.*). It gave Harper 7 days from the filing of Defendants' supplemental brief to file its own supplemental brief. (*Id.*). Upon review of the supplemental filings, the Court will schedule a hearing to take place promptly regarding Harper's summary judgment motion.

While the Court is sensitive to Harper's desire to have his summary judgment motion resolved as quickly as possible, the point of the aforementioned rulings is to allow Defendants the opportunity to depose Harper and file a supplemental brief before the Court decides Harper's summary judgment motion. Therefore, because Harper's summary judgment motion and motion for preliminary injunction seek essentially the same injunctive relief, it would be inappropriate to grant preliminary injunctive relief to Harper. Accordingly, the Court should deny Harper's motion for a preliminary injunction.

For the reasons stated above, **IT IS RECOMMENDED** that Harper's motion for a preliminary injunction **(ECF No. 73)** be **DENIED**.

Dated: February 7, 2022  　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan  　　　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2022.

                                                                s/Eddrey O. Butts
                                                                EDDREY O. BUTTS
                                                                 Case Manager