UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. HARPER, JR.,

              Plaintiff,

                                Case No. 19-CV-11106

     vs.

                                  Hon. George Caram Steeh
DAVID ARKESTEYN, ADRIANE      United States District Judge
FOSTER, BRENDA STEVENSON,
KELECHI EGBUCHULAM, RACHEL     Hon. David R. Grand
THOMPSON, MICHAEL EAGIN,       United States Magistrate Judge
MELISSA JENNINGS, JEROME
WARFIELD SR., SUE BROWN-WARD,
BRIAN SHIPMAN, and ANTHONY KING,

              Defendants.
_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (ECF No.
104), OVERRULING OBJECTIONS, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 67)

     Plaintiff Willie E. Harper, Jr. ("Harper"), an incarcerated person,

brings this action pursuant to 42 U.S.C. § 1983, alleging that after he began

serving a prison sentence on a non-sex crime conviction, he was

improperly classified as a sex offender, and was required to complete sex

offender programing to be eligible for parole, in violation of his rights under

the Fifth and Fourteenth Amendments to the United States Constitution.

More specifically, Harper claims he was entitled to an administrative

hearing regarding his classification, but was never given one, in violation of

- 1 -

his procedural and substantive due process rights. He also claims that requiring him to take sex offender programming without first providing him an administrative hearing violates his Fifth Amendment rights against self-incrimination because his eligibility for parole is conditioned on his admitting to prior alleged criminal conduct for which he has not been convicted. The defendants – David Arkesteyn, Adriane Foster, Brenda Stevenson, Kelechi Egbuchulam, Rachel Thompson, Michael Eagin, Melissa Jennings, Jerome Warfield, Sr., Sue Brown-Ward, Brian Shipman, and Anthony King (collectively, "Defendants") – are Michigan Department of Corrections ("MDOC") and Michigan Parole Board ("Parole Board") employees who Harper contends were involved, in one way or another, with his allegedly improper classification, assignment to sex offender treatment, and denial of parole.

When this case was filed[1], the Court screened and *sua sponte* dismissed Harper's complaint under § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted. (ECF No. 8). Harper appealed to the Sixth Circuit, and on April 28, 2020 that Court vacated the dismissal as to Harper's Fifth Amendment self-incrimination and Fourteenth Amendment

---

[1]  The complaint was originally assigned to Hon. Arthur J. Tarnow and was reassigned to the undersigned judge on February 16, 2022.

procedural due process claims (ECF No. 14). On October 12, 2021, Harper filed his operative second amended complaint.

Harper filed a motion for partial summary judgment (ECF No. 67) which was referred to the Magistrate Judge. The Magistrate Judge issued his R&R on June 28, 2022, recommending that plaintiff's motion be denied (ECF No. 104). This matter is now before the Court on objections filed by both plaintiff (ECF No. 108) and defendants (ECF No. 107).

The factual and procedural background is provided in detail in the R&R (ECF No. 104, PageID.1314-1334), which the Court adopts and incorporates into this Order.

<u>STANDARD OF REVIEW</u>

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); E.D. Mich. LR 72.1(d). General objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In addition, parties may not add new claims in an objection to a report and recommendation. *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 582 (E.D. Mich. 2014), citing *Murr v. United*

*States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

ANALYSIS

I.     Defendants' Objections

    A.     Mootness

While this case was pending, defendants contend that they identified a scoring error in Harper's Static-99. As a result, Harper was reclassified and MDOC Mental Health Services no longer recommends that he complete the Michigan Sex Offender Program (MSOP).[2] Defendants argue that Harper's claims for prospective equitable and injunctive relief have been rendered moot and should be dismissed for lack of jurisdiction. Defendants object to the Magistrate Judge's conclusion that they have failed to meet their burden to support a finding that Harper's claims for equitable relief have been rendered moot.

"The issue of mootness implicates the court's subject matter jurisdiction inasmuch as federal courts are limited by Art. III of the Constitution to deciding cases and controversies." *Mosley v. Hairston*, 920 F.2d 409, 414 (6th Cir. 1990). Only "live" controversies which persist in "definite and concrete" form even after intervening events have altered the

---

[2] During the pendency of this litigation, MSOP was renamed the Michigan Sexual Abuse Prevention Program (MSAPP).

parties' circumstances satisfy this requirement. *Id*. (citing *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974)). A defendant's "voluntary cessation of a challenged practice" does not automatically moot a case. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008). Rather, a claim is only moot where "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. (quotation omitted). The "heavy burden" of persuading the court that the challenged conduct cannot be reasonably expected to start up again lies with the party asserting mootness. *Akers v. McGinnis*, 352 F.3d 1030, 1036 (6th Cir. 2003).

As part of his requests for declaratory and injunctive relief, Harper seeks to "remove and expunge [his] current classification in all MDOC paperwork, files and computer systems," "expunge all Parole Board paperwork, files and computer entries that mention or rely upon the existing -5 mental health score used in Defendants' Parole Board's Scoresheet ," and "[r]equire Defendants ... to provide [him] an expeditious Parole Board rehearing wherein Defendants will be enjoined from using Plaintiff's current sex offender classification [], his existing - 5 mental health score or [his] past refusals to participate [in] sex offender therapy programming as a basis to evaluate his current eligibility for parole." (ECF No. 63,

PageID.417-18).

Defendants contend that they changed the challenged policy, which renders Harper's claims for declaratory and injunctive relief moot. However, the recalculation of Harper's Static-99 score was based on information in defendants' possession even prior to taking Harper's deposition, not on a change in MDOC policy. While the new score resulted in a change in MDOC's recommendation regarding Harper's participation in MSOP, Harper points out that his Program Classification and/or Parole Eligibility Reports have been modified twice during the pendency of this litigation. The current version of the Parole Eligibility Report states that Harper "Does Not Meet Criteria" for the newly named Michigan Sexual Abuse Prevention Program (MSAPP). Harper agrees that he is not currently eligible for the sex offender programming, but that is only because he is actively taking the batterer's intervention program. Policy Directive, ECF No. 77-2, PageID.728 ("A prisoner may only be referred to one of the following programs: VPP, MSOP, Batterer's Intervention, or T4C."). At this stage, it cannot be said with certainty that MDOC's recommendation regarding sex offender programming for Harper will not change again in the future.

Defendants' reliance on MDOC Psychologist James Kissinger, who states that unless certain factors change, "the MDOC Bureau of Healthcare

Services will not recommend that [Harper] participate in the program formerly entitled MSOP" is also not determinative as it potentially conflicts with other opinions rendered in this case, including his own. See ECF No. 92, PageID.891-92.

Defendant next states that MSOP underwent a name change and now provides treatment for "offenders at risk of engaging in sexually abusive behaviors" but does not use the term "sex offenders." ECF No. 107, PageID.1480. As a result, defendants argue that the Magistrate Judge's position regarding the MDOC "effectively" labelling a prisoner as a "sex offender" is moot. However, the very first sentence of the new MSAPP's mission statement uses a version of the term "sex offender" three times: "In maintaining our goal of increasing community safety, the Michigan Department of Corrections (MDOC) is committed to providing effective, efficient, research driven sex offender treatment to offenders with current sex offense convictions and histories of sexual offending." ECF No. 110-3, PageID.1579.

Defendants also maintain that inmates do not have a constitutionally protected liberty interest in parole; therefore Harper is not entitled to ask the Court to enjoin MDOC from considering his past refusals to participate in MSOP as a basis to evaluate his current eligibility for parole. Harper has

consistently argued that he is asserting an independent liberty interest in not being labeled a sex offender. Harper refers to MDOC documents reflecting his sex-offender-related recommendations, diagnoses, transfers, tests, reports, computer entries, etc., which allegedly violate his right to be free from such stigmatizations without first receiving due process. As for whether there is compulsion accompanying the stigma in this case, Harper cites to evidence that creates an issue of material fact. *See* Report, ECF No. 99, PageID.1235; Shipman Affidavit, ECF No. 77-2, PageID.709.

The Court overrules defendants' objections that Harper's equitable claims are moot and should be dismissed.

B. "Sex Offender" Label

The Magistrate Judge determined that MDOC and the defendants effectively labelled Harper as a "sex offender," though he acknowledged that there is no formal "sex offender classification" in MDOC, even for inmates serving sentences for actual sex crime convictions. The Magistrate Judge based this conclusion on the fact that Harper was evaluated using risk assessment tools "designed for use with adult male sex offenders" after he was assessed as "High Assault Risk" with a "Crime Description Fits []  Sex Assault." In addition, defendant's investigation into Harper's grievance against defendant Rachel Thompson found that she admitted calling

Harper a sex offender (ECF No. 1, PageID.24), and defendants transferred Harper to a sex offender unit at Bellamy Creek for treatment. *Id*. The fact that Harper was recommended for MSOP also supports this conclusion. The newly-named MSAPP has the same mission of providing "sex offender treatment to offenders with current sex offense convictions and histories of sexual offending." ECF No. 110-3, PageID.1579, compare ECF No. 93-5, PageID.1089.

The Court concludes that by assessing Harper using tools designed for sex offenders, calling him a sex offender, recommending him for a treatment program for sex offenders, and transferring him to be housed in a sex-offender unit to participate in sex offender treatment supports a finding that defendants "effectively" stigmatized Harper as a sex offender for purposes of his Due Process claim. Defendants' objections are overruled.

II.    Plaintiff's Objections

A.    Procedural Due Process

Plaintiff Harper makes several objections to the Magistrate Judge's conclusion that there are genuine issues of material fact on his procedural due process claim.

Harper objects to the Magistrate Judge's finding that his post-grievance involuntary transfer to the MSOP unit at IBC was not a

qualitatively different condition that amounts to a "grievous loss" or a "plus" under *Vitek v. Jones*, 445 U.S. 480, 488 (1980). The *Vitek* Court held that for the transfer of an inmate to support a due process claim, it must be "coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness." *Id*. at 493. Here, the transfer to the sex offender ward at IBC itself does not qualify as both the stigmatization and the "plus" to support a procedural due process claim.

Harper's next objection is that being subjected to certain risk assessment tools constitutes a qualitatively different condition and is therefore a "plus." Harper contends he was ordered to undergo a Stable-207 psychological evaluation after defendant King expressed doubts about his fitness for parole. This was a Parole Board ordered sex offender risk assessment that carried a heightened level of stigmatization and invasiveness, and Harper argues the Magistrate Judge erred in not finding it to be a "plus." While Harper maintains his participation in the assessment could never be considered voluntary because it followed his unsuccessful grievance and request for administrative hearing, circumstances and Harper's own testimony create an issue of material fact that he may have voluntarily submitted to the assessment.

Similarly, Harper objects to the Magistrate Judge's conclusion that a

reasonable juror could conclude that the TRY program was voluntary or was not part of the main MSOP. However, the evidence includes Harper's own testimony that he "went into the program" and a Therapy Non-Admission Report stating, "Mr. Harper was screened today for TRY. He declined to participate . . . ." This evidence could lead a reasonable juror to conclude that Harper participated in the screening and that such participation was voluntary.

The fact that Harper was not immediately transferred out of the MSOP unit upon his termination from the program does not necessarily lead to the conclusion that the delay was an effort to "break" his resolve in refusing to participate. Harper was transferred out before the 3-month waiting period lapsed wherein he could kite for reconsideration if he decided he wanted to participate in MSOP. In addition, a transfer than 3 months after termination from MSOP has not been shown to be untimely by MDOC administrative standards.

The next objection relates to whether Harper's failure to complete MSOP was at least a reason that he was denied parole. Parole Board Chairman Brian Shipman's affidavit appears to support Harper's position. However, Shipman's affidavit alone is not sufficient to support the "substantially higher hurdle" that Harper bears to prevail on his own motion

for partial summary judgment. Other evidence described and analyzed by the Magistrate Judge could lead a reasonable juror to conclude that Harper's participation in MSOP was not a condition of his parole eligibility. This includes the fact that Harper was considered for parole three times, was given an interview, and was sent for additional evaluation, all while the Parole Board knew he did not participate or complete MSOP.

Harper's objections relating to his procedural due process claim are overruled.

B.     Fifth Amendment Self-Incrimination

Harper objects to the Magistrate Judge's finding of an issue of fact whether his participation in MSOP was mandated and whether the program would require him to admit to incriminating information if he did participate. In so concluding, the Magistrate Judge considered defendants' evidence which included James Kissinger's affidavit stating that participation in MSOP, as of 2017, does not require an individual to admit to incriminating information in the pre-sentence report. Harper is free to challenge Kissinger's interpretation of MSOP requirements and may point out prior inconsistent statements. However, such challenges go to Kissinger's credibility and the weight of his testimony, which are issues to be considered by the jury.

Harper's objections relating to his Fifth Amendment self-incrimination claim are overruled.

C.     Defendants' Failure to File Answer

Harper claims that defendants failed to file an answer to his Second Amended Complaint, therefore the allegations in that complaint should be deemed admitted. The Prison Litigation Reform Act provides that in prisoner civil rights cases generally, defendants may waive the right to reply. Notwithstanding any other rule, such a waiver shall not constitute an admission of the allegations contained in the complaint. 42 USC § 1997e(g)(1). Harper contends that Judge Tarnow ordered defendants to file a responsive pleading to his First Amended Complaint. Stipulated Order, ECF No. 39. This order has no bearing on the controlling Second Amended Complaint.

The Second Amended Complaint was filed October 12, 2021. ECF No. 63. Defendants filed a motion to dismiss on October 26, 2021. ECF No. 66. The motion to dismiss was denied when the court adopted the Magistrate Judge's R&R. ECF No. 90. There was never a court order requiring the defendants to file a reply to the Second Amended Complaint. *See Jones v. Barnhart*, No. 2:10-CV-12114, 2017 WL 1493005, at *2 (E.D. Mich. Apr. 26, 2017). The Court finds that Harper's objection is overruled.

- 13 -

IT IS HEREBY ORDERED that defendants' objections to the Report and Recommendation (ECF No. 107) are OVERRULED, plaintiff's objections to the Report and Recommendation are OVERRULED (ECF No. 108), the Report and Recommendation is ACCEPTED (ECF No. 104), and plaintiff's motion for partial summary judgment is DENIED (ECF No. 67).

Dated:   August 17, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2022, by electronic and/or ordinary mail.

s/Karri Sandusky on behalf of Brianna Sauve
Deputy Clerk

---